IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCO ARMENTA-CARDOSO,                              08-CV-1272-BR

       Plaintiff,                              OPINION AND ORDER

v.

CITY OF GRESHAM, GRESHAM POLICE
DEPARTMENT, CARLA C. PILUSO,
JAMES SEYMOUR, DIANA DEL GARBINO,
JENNIFER RITCHARD, LEESA KLEPPER,
and DIANA GROSSI,

       Defendants.


STEVEN M. MCCARTHY
McCarthy Law Offices
1265 Highway 51
Independence, OR  97351
(503) 763-1888

       Attorneys for Plaintiff

BRUCE L. MOWERY
Attorney at Law
280 Liberty St. S.E., Suite 206
Salem, OR  97301
(503) 480-7251

       Attorney for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Amended Motion to Remand or in the Alternative for Abatement of the Federal Claims (#8).  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.


<u>BACKGROUND</u>

On June 10, 2007, Plaintiff was arrested during a domestic dispute with his wife at their residence.  During the course of his arrest, various Defendants confiscated Plaintiff's collection of firearms and related accessories, including scopes, ammunition, knives, and other sporting goods.  As a condition of his pretrial release, Plaintiff was forbidden from returning to or "excluded" from the residence.

In a letter postmarked July 25, 2007, Defendants notified Plaintiff at the residence from which he was excluded that his confiscated property would be destroyed in thirty days if unclaimed.  Plaintiff asserts he did not receive this notice.

On September 19, 2007, Plaintiff entered a guilty plea to two counts of harassment and was placed on probation for 18 months.  One of the conditions of his probation was that he could not recover the firearms that were confiscated at the time of his arrest until at least December 19, 2007, and only upon completion of court-ordered evaluations.

After Plaintiff successfully completed the court-ordered evaluations, he attempted to retrieve the confiscated items. Defendants, however, informed Plaintiff that the confiscated items had been destroyed.

On October 6, 2008, Plaintiff filed a Complaint in Multnomah County Circuit Court in which he alleged three claims:  conversion, negligence, and violations of his federal and state due-process rights.  Plaintiff specifically alleged Defendants violated Article I, Section 10, and Article XV, Section 10, of the Oregon Constitution in addition to the Fourth and Fourteenth Amendments to the United States Constitution.

On October 27, 2008, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a).  On November 20, 2008, Plaintiff filed a Motion to Remand.  On November 25, 2008, the Court issued an Order striking Plaintiff's Motion for failure to comply with Local Rule (LR) 7.1.  On that same day, Plaintiff filed an Amended Motion to Remand.


## STANDARDS

An action filed in state court may be removed to federal court if the federal court would have had original subject-matter jurisdiction over the action.  28 U.S.C. § 1441(a).  A federal court may have original jurisdiction under (1) 28 U.S.C. § 1332(a), which authorizes district courts to

3   -   OPINION AND ORDER

exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states, or (2) "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). *See also Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements are met. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

<u>**DISCUSSION**</u>

Plaintiff does not challenge Defendants' assertion that Plaintiff has presented a federal question on the face of his Complaint in the form of an allegation that Defendants violated

4   -  OPINION AND ORDER

Plaintiff's due process-rights under the United States Constitution.  Instead Plaintiff contends removal of this matter was improper because he does not "set forth an independent federal claim" under § 1441(c) in his Complaint.  Even if the Court concludes removal was proper, Plaintiff asserts the Court should decline to exercise jurisdiction or should stay the federal claim on the grounds of one or more abstention doctrines.

In addition, Defendant requests the Court to deny Plaintiff's Motion because Plaintiff did not comply with LR 7.1.

## I.    Failure to Confer.

Defendant contends Plaintiff's Amended Motion should be denied because Plaintiff did not properly confer with Defendant before filing the Amended Motion as required by LR 7.1.

In Plaintiff's Amended Motion, counsel certified compliance with LR 7.1 by stating he wrote a letter to Defendants' counsel on November 7, 2008, setting forth Plaintiff's arguments and requesting a dismissal, which Defendants declined.  Defendants argue Plaintiff's efforts were not sufficient under LR 7.1 because the rule requires "personal or telephone conferences" and Plaintiff's counsel did not make any attempt to confer in person or by telephone.  *See* LR 7.1(a)(1)(A).  In addition, Defendants assert Plaintiff did not make any attempt to confer even after the Court issued its November 25, 2008, Order.

It appears to the Court that Plaintiff's counsel added a

paragraph to Plaintiff's Amended Motion in which he asserted LR
7.1 compliance without actually undertaking any effort to confer
with Defendants' counsel.  The Court considers Plaintiff's
efforts wholly insufficient under LR 7.1.  Nonetheless, the
Court, in the exercise of its discretion, will consider the
merits of this Motion due to its jurisdictional implications.
The Court, however, expects counsel will comply with LR 7.1 in
all respects in the future.

## II.  Section 1441(c) does not govern removal of Plaintiff's Complaint.

Plaintiff contends the Court should remand this matter to
state court because his Complaint does not include a "separate
and independent" federal claim under 28 U.S.C. § 1441(c).
Plaintiff is correct that removal under § 1441(c) requires a
removable federal-question claim that is unrelated to
nonremovable claims.  *See Emrich v. Touche Ross & Co.*, 846 F.2d
1190, 1197 (9th Cir. 1988).  Plaintiff's reliance on § 1441(c),
however, is misplaced.  Section 1441(c) applies to limited
situations.  For example, in *Emrich*, the plaintiffs brought
claims under RICO, the Securities Act of 1933, the Securities and
Exchange Act of 1934, and state law.  *Id*. at 1193.  The court
determined the claims under the two Securities Acts could not be
removed pursuant to § 1441(a) because removal was not allowed by
law, and, therefore, those claims were "otherwise non-removable
claims."  *Id*.  The Ninth Circuit reasoned these "otherwise non-

6   -  OPINION AND ORDER

removable" claims were not sufficiently "separate and unrelated"
to the RICO claim to allow the district court to exercise
jurisdiction over them under § 1441(c).  The Ninth Circuit
concluded, however, that the district court had properly removed
the RICO claim pursuant to § 1441(a) and, therefore, also had
properly removed the state-law claims under the theory of
"pendent jurisdiction" as codified at 28 U.S.C. § 1367.
846 F.2d at 1197.

    Here Plaintiff's Complaint asserts jurisdiction under
42 U.S.C. § 1983 and alleges a claim for violations of
Plaintiff's due-process rights under the United States
Constitution, which is an action over which this Court could
exercise original jurisdiction.  *See* 28 U.S.C. § 1331.  In
addition, the Court may exercise supplemental jurisdiction over
the related state-law claims.  *See Emrich*, 846 F.2d at 1197.  *See
also* 28 U.S.C. § 1367.

    The Court, therefore, concludes § 1441(c) does not govern
removal of this matter and removal was proper under § 1441(a).

**III. The Court need not decline to exercise jurisdiction or stay
     this matter.**

    Even if the Court determines it has subject-matter
jurisdiction, Plaintiff contends the Court should either decline
to exercise it or stay the matter because Plaintiff's Complaint
presents issues arising under the Oregon Constitution that should
be adjudicated in state court.  Plaintiff does not offer any

7  -  OPINION AND ORDER

specific rationale in support of his contention.

### A.   Exceptions to supplemental jurisdiction.

As noted, the Court may exercise supplemental jurisdiction over state-law claims pursuant to § 1367.  If the authority to exercise supplemental jurisdiction is conferred under § 1367(a), however, a court may only decline to assert supplemental jurisdiction over a state claim if one of the exceptions under § 1367(c) applies.  *Executive Software of N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994), *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997)(*en banc*).

Under § 1376(c), the Court may decline to exercise supplemental jurisdiction if

> (1)  [t]he claim raises a novel or complex issue of state law,

> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, . . . or

> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Plaintiff appears to argue the claims arising under the Oregon Constitution are so novel or so complex that they should be adjudicated in state court.  28 U.S.C. § 1367(c)(1). Plaintiff, however, has not identified any exceptional characteristics of these claims nor attempted to demonstrate how

8   -  OPINION AND ORDER

the state constitutional claims may predominate over the federal-
constitutional claim.

It is well-settled that Article I, § 10, of the Oregon
Constitution confers a "remedy by due course of law for injury"
to a person's property rather than a due-process right.  *Smothers
v. Gresham Transfer, Inc.*, 332 Or. 83, 124 (2001).  Here those
remedies would be for conversion or negligence as alleged in
Plaintiff's Complaint.  It is also clear that Article XV, § 10,
does not appear to raise a complex or novel issue of law under
the circumstances of this case.  Indeed, the Oregon District
Court has considered similar claims previously in combination
with a federal due-process claim.  *See, e.g., Scott v. Jackson
County*, 297 Fed. Appx. 623 (9th Cir. 2008).

On this record, the Court concludes none of the exceptions
enumerated in § 1367(c) that permit the Court to decline the
exercise of supplemental jurisdiction apply in this matter.

**B.  Abstention doctrines.**

Plaintiff contends the Court should stay this matter under
an abstention doctrine, but Plaintiff does not offer any basis
for his contention other than the fact that the state court
should be allowed to interpret its own constitution.

The Supreme Court has described abstention as

> the exception, not the rule.  "The doctrine
> of abstention, under which a District Court
> may decline to exercise or postpone the
> exercise of its jurisdiction, is an

> extraordinary and narrow exception to the
> duty of a District Court to adjudicate a
> controversy properly before it.  Abdication
> of the obligation to decide cases can be
> justified under this doctrine only in the
> exceptional circumstances where the order to
> the parties to repair to the state court
> would clearly serve an important
> countervailing interest."

*Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800,

813-814 (1976)(quoting *County of Allegheny v. Frank Mashuda Co.*,

360 U.S. 185, 188-189 (1959)).  Abstention "'was never a doctrine

of equity that a federal court should exercise its judicial

discretion to dismiss a suit merely because a State court could

entertain it.'"  *Id.* (quoting *Alabama Pub. Serv. Comm'n v.

Southern R. Co.*, 341 U.S. 341, 361 (1951) (Frankfurter, J.,

concurring in result)).  A court may stay an action seeking money

damages, but may not dismiss or remand it.  *Quackenbush v.

Allstate Ins. Co.*, 517 U.S. 706, 721 (1996).

1.    *Pullman* abstention doctrine.

Under the *Pullman* doctrine, "[a]bstention is

appropriate in cases presenting a federal constitutional issue

which might be mooted or presented in a different posture by a

state court determination of pertinent state law." *Colorado

River*, 424 U.S. at 814 (internal quotation omitted).  *See also

Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

The plaintiff's complaint "must require resolution of a sensitive

question of federal law," (2) that question "must be susceptible

to being mooted or narrowed by a definitive ruling on state law issues," and (3) the state law in question must be unclear. *United States v. Morros*, 268 F.3d. 695, 703 (9th Cir. 2001).

Here the resolution of the federal due-process issue, however, is not dependent on state law.  Accordingly, the *Pullman* abstention doctrine does not apply.

    2.    *Burford* **abstention doctrine.**

Under the *Burford* doctrine, abstention is "appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River*, 424 U.S. at 814 (internal quotation omitted). *See also Burford v. Sun Oil Co.,* 319 U.S. 315 (1943).  A court may abstain from exercising jurisdiction under the *Burford* doctrine when (1) the state has chosen to concentrate actions involving the policy at issue in a particular court, (2) the federal issues cannot be separated from complex state law "with respect to which state courts might have special competence," and (3) federal review might disrupt state efforts to establish a coherent policy.  *Morros*, 268 F.3d. at 705.  Typically, the *Burford* abstention doctrine applies in matters that implicate complex state regulatory or policy schemes.  *Id*.

The state-law issues here are not resolved by the state in a particular court nor is the federal question so entwined

with complex matters of state policy or regulation "with respect
to which state courts might have special competence."  *Id.*
Accordingly, the *Burford* abstention doctrine does not apply.

   3.   ***Younger* abstention doctrine.**

      "Absent extraordinary circumstances, *Younger* abstention
is required if the state proceedings are (1) ongoing,
(2) implicate important state interests, and (3) provide the
plaintiff an adequate opportunity to litigate federal claims."
*San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095,
1103 (9th Cir. 1998)(citation omitted).  *See also Younger v.
Harris*, 401 U.S. 37, 44 (1971).

      Here the matter has been removed, and, therefore, it is
not an "ongoing" state proceeding.  Accordingly, the *Younger*
abstention doctrine does not apply.

   4.   ***Colorado River* abstention doctrine.**

      Abstention under the *Colorado River* doctrine is
appropriate when a concurrent state action is pending that raises
identical issues.  *Colorado River*, 424 U.S. at 815.

      Here, as noted, the matter has been removed, and it is
not, therefore, a "concurrent state action."  Accordingly, the
*Colorado River* abstention doctrine does not apply.

   In summary, the Court concludes the facts and issues
presented in this matter do not warrant the "extraordinary and
narrow exception" of abstaining from this Court's exercise of

12   -  OPINION AND ORDER

jurisdiction.  Thus, the Court also concludes there is not any reason to abate the federal claim until the state-law claims are resolved.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion to Remand or in the Alternative for Abatement of the Federal Claims (#8).

IT IS SO ORDERED.

DATED this 23rd day of February, 2009.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge