# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

Marco Armenta-Cardoso,

                Plaintiff(s),

v.

CIty of Gresham, et al,

                Defendant(s).

Case No.  CV 08-1272 BR

CASE MANAGEMENT ORDER
(Rule 16 Conference)

**Steven McCarthy**

    Attorney(s) for Plaintiff(s)

**Bruce Mowery**

    Attorney(s) for Defendant(s)

**BROWN, Judge.**

The following case management dates, deadlines, and procedures are set:

- Plaintiff to complete service and file proof of service by 4/27/2009;

- Defendants' Answers due by 5/11/2009;

- Amendment of Pleadings and Joinder of Parties shall be completed by 8/3/2009;

- Completion of Fact Discovery is set for 8/31/2009;

- Motions to Compel fact discovery shall be filed no later than 8/7/2009, responses to motions

**1 - Case Management Order**

      to compel are due no later than seven (7) *calendar* days after the initiating discovery motion was filed, and no replies are permitted;

- Completion of expert disclosures and expert discovery set for 2/12/2010;

- Dispositive Motions by any party shall be filed by 9/11/2009;

- Joint ADR Report is due 9/11/2009;

- Pretrial Order and joint proposed verdict form shall be lodged on 3/12/2010;

- Trial Documents (as defined below) shall be filed no later than Noon on 3/22/2010;

- Pretrial Conference is set for 4/5/2010, at 1:30 p.m. in Courtroom 14A;

- Jury Trial (3-days) is set to commence 4/13/2010, at 9:00 a.m. in Courtroom 14A.

The following guidelines apply throughout the pendency of this action:

**Extension of Deadlines**

The Court established the deadlines indicated above, based on the parties' preferences and availability as expressed at the Rule 16 Conference held on 4/6/2009.  The Court, therefore, expects the parties to meet all deadlines set herein; ***requests for extension are discouraged***.  Any request for extension of time must be made by motion (*no letter requests*)  filed  before expiration of the deadline.  The motion must be supported by an affidavit in which the parties specifically state the reason(s) for the requested extension and advise how the parties have used the time anticipated in this Order.  The Court, at its discretion, may set a hearing on the motion.

The Court requires a minimum of 120 days between the filing of any dispositive motions and the lodging of a Pretrial Order.  Any requested extension that does not satisfy that requirement may result in denial of the motion or a change of the trial date.  Any new trial date likely will be set "at the end of the line," and, therefore, any extension requiring the trial to be

**2 - Case Management Order**

reset will be disfavored.

If an extension of deadlines is allowed, the procedures and guidelines indicated in this Order remain in effect.

### Discovery Disputes

Discovery shall be completed by the deadline set.  After the deadline for the filing of discovery motions (indicated above) has expired, the Court will not consider any further discovery disputes between the parties.

When possible, the Court will attempt to resolve discrete discovery issues by way of telephone conference with the parties without formal motion practice.  The Courtroom Deputy will schedule such a conference on request.

### Motion Practice and Dispositive Motions

This Court strictly construes the requirements of the Federal Rules of Civil Procedure and Local Rules (LR) for this District with regard to motion practice.  Specifically, the Court will strike any motion that does not comply with the requirements of LR 7.1(a)(1).  (*NOTE*: A LR 7.1 certification is required for every motion except a TRO and must be set forth in the *first* paragraph of every motion.)

Pursuant to LR 7.1(b), a motion may not be combined with a response or a reply to a motion. In addition, each motion requires a separate memorandum in support of the motion, and each motion requires a separate response.  Adherence to page limitations is required.

When dispositive motions are filed, counsel are directed to review and to comply carefully with this Court's Local Rules.  In particular, when filing a motion for summary judgment, counsel must comply strictly with the rules regarding Concise Statements of Material

Fact, responses thereto, and the citation and submission of properly authenticated evidence in support of or in opposition to such motions. *See Orr v. Bank of Am.*, 284 F.3d 764 (9th Cir. 2002). The Concise Statements and responses and replies thereto may not exceed five pages without *prior* authorization of the Court.

The title of responses, replies, objections, etc. shall reflect the exact title of the underlying motion. *See* LR 7.3.

### **Trial Documents**

To meet the Court's requirements of submitting *joint* trial documents, counsel shall exchange exhibits and witness statements in ample time to confer, to reach agreement, and to prepare the following trial documents:

- Trial memoranda

- Motions in limine

- Joint (*i.e.*, agreed on) proposed jury instructions which comply with LR 51.1

- Joint (*i.e.*, agreed on) proposed voir dire questions

- Joint witness list identifying all proposed trial witnesses and indicating:

    a. all witnesses whose testimony may be received without objection together with a concise summary of the testimony the witness is expected to offer, and

    b. all other witness testimony that will be the subject of objection together with a concise summary of the testimony the witness is expected to offer, including the challenged testimony; a one-line statement of the admissible purposes for which that challenged testimony is proffered; and a one-line summary statement of the bases for all objections to that proffered testimony.

- Joint exhibit list identifying all proposed trial exhibits and indicating:

    a. all exhibits that may be received without objection, and

    b. all remaining exhibits to be offered by any party together with a one-line

>summary statement of the admissible purposes for which the challenged exhibit is proffered and a one-line summary statement of the bases for all objections to any proffered exhibit.

Original trial exhibits shall NOT be filed with the Clerk; impeachment exhibits are likewise not to be filed.  Copies of only **contested exhibits** must be attached by the offering party to the Judge's copy of the exhibit list.

Plaintiff 's exhibits shall be numbered beginning with 1 through  99; Defendant's exhibits shall be numbered beginning with 101-199.  If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

In trial memoranda or motions in limine, the parties may elaborate on the admissible purposes for any proffered evidence that is the subject of objection and the legal bases for objections to such evidence.

The parties shall include a disk or CD-ROM compatible with WordPerfect containing proposed  jury instructions and verdict form.

To the extent feasible, the Court intends to rule on all objections at the Pretrial Conference and to admit into evidence at that time all exhibits that qualify.  Except in unusual circumstances, therefore, the Court does not intend to take up issues of admissibility during trial.

### Trial Procedures

The Court generally follows the *Trial Court Guidelines* published on the Court's website at www.ord.uscourts.gov.  The parties also should refer to the Federal Bar Association's *Federal Court Practice Handbook* for more guidance on practice and procedures in this Court.

**5 - Case Management Order**

DATE:  4/6/2009.

   /s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

Courtroom Deputy:
Steven L. Minetto
Phone:  (503) 326-8053
Email:  steven_minetto@ord.uscourts.gov

**6 - Case Management Order**